IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:13CR67 |
| | § | |
| GUSTAVO ORTIZ-SALAZAR (4) | § | |
| SALVADOR OCAMPO-VERGARA (7) | § | |

**MEMORANDUM OPINION AND ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Defendant Gustavo Ortiz-Salazar's Motion to Exclude, or in the Alternative, to Suppress Defendant's Statements (Dkt. 200), referred to the undersigned by the Honorable Marcia A. Crone (Dkt. 216), and Defendant Salvador Ocampo-Vergara's Motion to Join in the Motion to Exclude or in the Alternative to Suppress Defendant's Statements (Dkt. 225).

### OCAMPO-VERGARA'S MOTION TO JOIN

Although the Government is opposed to Defendant Ocampo-Vergara's Motion to Join, the Honorable Marcia A. Crone has issued an order granting Defendant Ocampo-Vergara leave to "join motions that are pertinent to his defense, so long as he specifies which motions he desires to join." Dkt. 214. Defendant's Motion to Join specifies his request to join in Ortiz-Salazar's motion exclude or suppress. *See* Dkt. 225 at ¶2. The Court finds that the motion to exclude or suppress is pertinent to Ocampo-Vergara's defense and therefore GRANTS the motion (Dkt. 225) to join in it.

## MOTION TO EXCLUDE OR SUPPRESS

At issue in the underlying motion to exclude or suppress are two search warrants for Facebook accounts issued by the undersigned on March 6, 2015. *See* 4:15mj54; 4:15mj55. Having considered the testimony and materials before it, the Court finds that the motion to exclude or suppress should be DENIED as to both Defendants.

## EVIDENCE PRESENTED

The Court held a hearing on the Motion to Exclude, or in the Alternative, to Suppress Defendant's Statements on May 4, 2015. At the hearing, the Government called Agent Shannon Mulcahy, the affiant for both search warrants, who testified that she identified one Facebook profile associated with Defendant Ortiz-Salazar and two Facebook profiles for Defendant Ocampo-Vergara after a search of publicly accessible information available on the internet through Facebook.

Mulcahy testified that she first identified Defendant Ortiz-Salazar's Facebook profile and Defendant Ocampo-Vergara's profiles in August 2014, but did not apply for a search warrant until March 2015. Mulcahy testified that she could not offer a specific reason for the date of application for the search warrants other than March 2015 is when they were applied for.

Mulcahy testified that, after the warrants were issued and executed, on March 24, 2015, she received approximately 97,000 pages of information for all three accounts. According to Mulcahy, she determined that some of the information on the accounts was pertinent to the underlying charges against Defendants and disclosed it to Defendants' counsel on April 13, 2015. The Government explains that it took three weeks to provide the information to Defendants because Mulcahy was

"weeding out" irrelevant information from the total 97,000 pages produced.

Defendants seek to exclude "everything on the Facebook" accounts[1] because it was not timely disclosed and because the underlying warrants lacked probable cause.[2]

**ANALYSIS**

First, Defendants seek exclusion of any statements made on the Facebook accounts, arguing that the Facebook statements were not produced until April 13, 2015, after the deadlines set forth in the Court's scheduling order. It is undisputed that the underlying warrants were executed on or about March 25, 2015 but that the Facebook materials were not disclosed to Defendants until April 13, 2015. Although the number of pages produced to Defendant Ocampo-Vergara was not specified, approximately 15,000 pages from Facebook were produced to Defendant Ortiz-Salazar three weeks after they were disclosed to the Government. It is further undisputed that the Government did not file motions to unseal the underlying search warrants until April 23, 2015.

As an initial matter, the Court notes that the deadline to file motions to suppress in this case was April 6, 2015, but the underlying motion was not filed until April 27, 2015. *See* Dkt. 187. The

---

[1]Although none of the Facebook materials at issue were offered into evidence at the hearing, one conversation between Defendant Ortiz-Salazar and Defendant Ocampo-Vergara was referenced as one that was disclosed to Defendants' counsel as potentially incriminating. Mulcahy testified that she produced it on April 13, 2015 after using the search term "Ocampo-Vergara" on Ortiz-Salazar's Facebook account.

[2]The written motion filed by Ortiz-Salazar also invokes *Miranda* and argues without any significant exposition that Defendant "was not provided his *Miranda* warnings prior to making any statements to law enforcement." Dkt. 200 at 3. At the hearing, Defendant stated that he was withdrawing this argument. Therefore, any motion to suppress the Facebook statements based on *Miranda* is DENIED as MOOT.

Court finds that, because the Facebook materials were not produced until April 13, 2015 and the underlying warrants were not unsealed until April 28, 2015, the motion to exclude or suppress was timely filed and the Court has considered it on the merits.

As to the argument that any Facebook statements should be excluded because they were not timely disclosed to Defendants, the Court finds that the motion should be DENIED. The Government's discovery obligation is an ongoing one (*see, e.g.,* Dkts. 85, 105 at ¶13), and Defendants have cited to no Local Rules or Pretrial Order in this case which would prohibit the use of the Facebook materials at trial. Indeed, the Court notes that prior to the transfer of this case to The Honorable Marcia A. Crone, the scheduling orders provided that "neither the government nor a defendant may introduce evidence at trial that was not disclosed at least 28 days prior to jury selection." Dkts. 85, 105 at ¶16. Although the current Amended Pre-Trial order supercedes any deadlines previously set, it is silent as to the deadline for disclosure of evidence. *See* Dkt. 187. In this case, the Government disclosed the Facebook documents 28 days prior to the current date for jury selection.

Also critically important here is that, as argued by the Government, the materials at issue - Defendants' Facebook accounts - were materials to which Defendants have always had access. As testified by Mulcahy, information can be accessed by the Facebook account-holder through any device with internet access, but the only way anyone other than the account-holder can obtain the information is through a search warrant.

The Court finds that disclosure to Defendants of *Defendants' own communications* one month before trial is ample notice. And, given the Government's statement at the hearing that it will tender to Defendants all Facebook conversations which it intends to use prior to trial, the evidence will not be excluded.

Next, the Court turns to Defendants' suppression argument that there was not enough information in the search warrant affidavits to constitute probable cause. The Court disagrees. As set forth below, the Court finds that the search warrants are sufficiently detailed.

It is undisputed that probable cause is necessary to support the issuance of a valid search warrant. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). "Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." *United States v. Daniel,* 982 F.2d 146, 151 (5th Cir. 1993). Rather, probable cause is determined through an examination of a totality of the circumstances. *U.S. v. Fields*, 456 F. 3d 519, 523 (5th Cir. 2006). Thus, in determining the validity of a search warrant, a court must "make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit ..., there is a fair probability that contraband or evidence of a crime will be found at a particular place." *United States v. Froman,* 355 F.3d 882, 889 (5th Cir. 2004) (citations omitted).

In the affidavit regarding Ortiz-Salazar's Facebook account, in addition to setting forth Defendant's alleged participation in a drug trafficking organization, Mulcahy states that her review of publicly accessible information on Facebook indicated the following: (1) that Defendant received at least one "comment" from a known co-conspirator; (2) that Defendant was Facebook "friends"

with multiple known co-conspirators and admitted heroin traffickers; and that (3) there were no posts more recent than May 22, 2014, leading Mulcahy to believe that Defendant's Facebook profile had been made "private" in an attempt "to conceal activities and/or conceal the identity of known and unknown co-conspirators in an attempt to thwart law enforcement." *See* 4:15mj54, Dkt. 1 at ¶¶ 18-19.

Similarly, in the affidavit regarding Defendant Ocampo-Vergara, Mulcahy states that Defendant was identified by other admitted heroin traffickers as an affiliate of a drug trafficking organization. *See* 4:15mj55, Dkt. 1 at ¶¶ 12. Mulcahy further states that a cooperating co-defendant identified two Facebook accounts utilized by Defendant and that an August 2014 review of the publicly available information on them revealed: (1) multiple photographs of Defendant on the profiles believed to be his; (2) a comment by Defendant on at least one known co-conspirator's Facebook profile; and (3) multiple photographs of Defendant on the Facebook profile of an admitted heroin trafficker and known co-conspirator. *Id.* at ¶¶ 15-16. The affidavit further provides that, in December 2014, after Defendant's September 2014 arrest, Mulcahy attempted to conduct an additional review of the two Facebook accounts associated with Defendant but that she was unable to locate them. *Id.* at ¶18. According to the affidavit, "[b]ased on training and experience, your Affiant is aware that drug traffickers will occasionally discontinue the use of social media after being arrested in an attempt to conceal previous activities and/or to conceal the identity of known and unknown co-conspirators in an attempt to thwart law enforcement." *Id.*

As to any challenge to the information relied upon by Mulcahy in preparing the warrant as to Ortiz-Salazar specifically, there is no basis for suppression. At the hearing, Mulcahy confirmed that the individual named as "CD1" in the warrant pertaining to Ortiz-Salazar was Aricela Gonzalez, who Mulcahy found to be credible and consistent. As to Defendant Ortiz-Salazar's argument that the affidavit should have included the fact that cooperating defendants had indicated that couriers did not know what was in the vehicles they were driving, the Court is equally not convinced. At the hearing, Mulcahy clarified that no one made this claim as to Ortiz-Salazar. Such was not a fact that was required to be included in the search warrant and is irrelevant to the finding of probable cause here. The search warrant shows that shows that Ortiz-Salazar made numerous trips with people who were trafficking in narcotics and there is sufficient information in the affidavit to support a finding of probable cause.

The Court finds that given all the circumstances set forth in the affidavits, there was a fair probability that the Facebook accounts identified would contain correspondence or other evidence regarding drug trafficking efforts by Defendants or others.

For these reasons, Defendant Gustavo Ortiz-Salazar's Motion to Exclude, or in the Alternative, to Suppress Defendant's Statements (Dkt. 200) should be DENIED in its entirety as to both Defendant Gustavo Ortiz-Salazar and Defendant Salvador Ocampo-Vergara.

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall

7

bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.A. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Per the agreement of the parties' at the May 4, 2015 hearing, given the May 11, 2015 trial setting, any objections to this report shall be filed no later than **12:00 p.m. on May 7, 2015.**

**SIGNED this 4th day of May, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE